IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
CENTRAL DIVISION



| | | |
|---|---|---|
| THERESA M. ZEIGLER, individually; THERESA M. ZEIGLER as mother and next friend of MADISEN ZEIGLER, | : : : | CASE NO. C01-3089PAZ |
| Plaintiff, | : | |
| vs. | : : : : : : | BRIEF IN SUPPORT OF PLAINTIFF'S RESISTANCE TO DEFENDANT'S MOTION TO PRECLUDE TESTIMONY OF BRUCE WANDELL AND ERIC JACKSON |
| FISHER-PRICE, INC. | | |
| Defendant. | | |

COME NOW Plaintiff and states:

I. Testimony of Bruce Wandell

The motion concerning Bruce Wandell when condensed down attacks Wandell because he did not adopt NFPA 921 as the absolute in fire investigation as opposed to a guide. Wandell details the scientific method which he utilized in an analysis of this fire scene. Daubert v. Merril Dow Pharmaceutical Inc. and Federal Rule of Evidence 702 are concerned with reliability and relevance which is a substance as opposed to form analysis. The NFPA 921 procedures although not adopted in name by Wandell were clearly followed in procedure by Wandell. Mr. Wandell conducted a thorough investigation without preconceived opinions. He developed the hypothesis and tested the hypothesis. A Daubert hearing will not add to his thorough explanation in his deposition.

WHEREFORE plaintiff requests the motion be denied.

## II. Testimony of Eric Jackson

1. The methodology used by Eric Jackson was best summarized in his answer at page 123 line 22 when he compared it to a differential diagnosis. The Eighth Circuit has accepted medical opinion about causation based on proper differential diagnosis. Turner v. Iowa Fire Equipment Co., 229 F.3rd 1202, 1208-1209 (8th Circuit 2000). Why should that differ in the area of time tested electrical engineering issues. In Turner although the District Court concluded that the causation opinions did not satisfy Daubert's standards of scientific reliability, the Circuit did agree that a medical opinion about causation based on a proper differential diagnosis is sufficiently reliable to satisfy Daubert.

2. Jackson relied on testimony of Fisher Price personnel; first, in identifying the connectors with the H-connector as a source of overheating and secondly, that once the switch was made to the A-connector, there have been no complaints of overheating in the connector absent tampering.

3. Further, Fisher Price has successfully avoided reported opinions or reported data with regard to the connector problems and overheating. Their expert, James Finneran, has no explanation for the overheating in charging cases or spontaneous fire cases. Their engineers have no explanation for overheating in charging situations or any explanation for the spontaneous fires.

4. Zeigler requests this Court to follow the discussion of the Eighth Circuit in Turner v. Iowa Fire Equipment Co., 229 F.3rd 1202, 1209 (8th Circuit 2000) wherein they stated: "The first several victims of a new toxic tort should not be barred from having their day in court simply because the medical literature, which will eventually show the connection between the victim's condition and the toxic substance, has not yet been completed. If a

properly qualified medical expert performs a reliable differential diagnosis through which, to a reasonable degree of medical certainty, all other possible causes of the victims' condition can be eliminated, leaving only the toxic substance as the cause, a causation opinion based on that differential diagnosis should be admitted."

5. In addition, with a case based on diversity the interpretation of the Iowa Supreme Court is significant. Leaf v. Goodyear Tire and Rubber Co., 590 N.W.2d 525 (Iowa 1999) is a design defect case. The Court identified the test as whether the evidence is relevant , nature to assist the trier of fact, whether the witness is qualified and whether the evidence has a potential for exaggerated effect.

6. Jackson brings a summary to this case which will definitely assist the jury and this will help the jury in understanding the nature of the overheating by virtue of the poor connection.

WHEREFORE, Plaintiff requests the motion be denied.

Stephen F. Avery 0000001&9
CORNWALL, AVERY, BJORNSTAD & SCOTT
407 Grand Avenue, P.O. Box 999
Spencer, Iowa 51301
Phone:   712-262-1630
Fax:     712-262-1211
Attorney for Plaintiff

Original filed.

Copy to:
Kevin Reynolds
Cheryl Possenti